UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD ELLINGTON,
    Plaintiff

v.

NICHOLAS JOHN GIACOUMAKIS IN HIS
INDIVIDUAL CAPACITY, AND IN HIS
CAPACITY AS OWNER OF NEW
ENGLAND INVESTMENT AND
RETIREMENT GROUP, INC., AND NEW
ENGLAND INVESTMENT AND
RETIREMENT GROUP, INC.,
    Defendant

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Richard Ellington, ("Plaintiff"), by and through his attorney, Marsha V. Kazarosian and Kazarosian Law Offices, respectfully alleges as follows:

## NATURE OF ACTION

1. Plaintiff is a certified financial planner and former employee of Defendant, New England Investment and Retirement Group, Inc., ("NEINV"). For reasons set forth below, Plaintiff brings this action as a result of the Defendants' illegal retaliation against him by Defendants for making disclosures protected by the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, (15 U.S.C. § 78u-6, hereinafter "Dodd-Frank").

2. Specifically, Plaintiff made disclosures to Defendants' designated oversight compliance/Broker-Dealer, Commonwealth Financial Network, ("CFN"), about conduct engaged in by Defendants that he reasonably believed violated laws and rules designated

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

1

to protect consumers from fraudulent practices in connection with the sale of securities.[1] The disclosures made by Plaintiff evidenced regulatory misconduct amounting to fraud and other unlawful conduct in violation of federal securities laws including, but not limited to the Investment Advisers Act of 1940 (15 U.S.C. § 80b-1), (hereinafter "IAA"), the Securities and Exchange Act of 1934, ("hereinafter "SEA), the rules and regulations of the United States Securities and Exchange Commission, ("SEC"), and Dodd-Frank.

3. Within a week of learning that Plaintiff had provided information evidencing Defendants' non-compliance, Plaintiff was illegally terminated by Defendant Nicholas John Giacoumakis, ("Giacoumakis"), in violation of Dodd-Frank, (15 U.S.C. § 78u-6(h)(1)(A)).

## JURISDICTION AND VENUE

4. Plaintiff is a resident of the Commonwealth of Massachusetts.

5. Defendant Giacoumakis is a resident of Windham, New Hampshire.

6. Defendant NEINV is a Massachusetts corporation with its principal place of business and headquarters in North Andover, Massachusetts.

7. Defendant NEINV is a corporation registered with the SEC since 2007.

8. Jurisdiction of this Court over Plaintiff's claims is invoked pursuant to 15 U.S.C. § 78u-6(h)(1)(B)(i) and 28 U.S.C. § 1331.

9. Venue is proper within this district pursuant to 28 U.S.C § 1391(b)(2) in that, "a substantial part of the events or omissions giving rise to the claim occurred…" in North Andover, Massachusetts.

---

[1] On or about July 20, 2010, Plaintiff submitted to CFN, a 20 page summary of compliance issues that he had with the Defendants that he reasonably believed jeopardized both the Defendants' clients' and the public's best interests. As a result CFN conducted a detailed compliance review of Defendants that resulted in an SEC administrative proceeding and money penalties assessed against Defendants.

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

## PARTIES

10. Plaintiff is a certified financial planner and former employee of NEINV. He worked for NEINV from approximately 2005 to 2010, when he was illegally terminated. Plaintiff worked for NEINV primarily at its offices at 231 Sutton Street, North Andover, Massachusetts.

11. As a certified financial planner at NEINV, Plaintiff was responsible for managing NEINV's retirement plan practice, and was assigned a block of individual clients by NEINV. Plaintiff was also a member of NEINV's investment committee and headed up the annual reallocation of variable annuity subaccounts.

12. Giacoumakis is the sole shareholder, principal, and President of NEINV.

13. Upon information and belief, Giacoumakis is an investment advisor required to register with the SEC.

14. NEINV, among other things, engages in advice, counsel, publications, writings, analyses, and reports that customarily relate to the purchase and sale of securities traded on national securities exchanges and in interstate over-the-counter markets, securities issued by companies engaged in business in interstate commerce, and securities issued by national banks and member banks of the Federal Reserve System.

15. NEINV is required to maintain compliance with the Investment Advisers Act of 1940 (15 U.S.C. § 80b-1), (hereinafter "IAA").

16. As part of its compliance, NEINV is required to implement written compliance policies and procedures reasonably designed to prevent its employees from presenting performance information to clients or prospective clients that did not violate the IAA.

17. NEINV has approximately thirteen hundred ninety five (1,395) discretionary accounts

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

3

and as of September 2012, had approximately Four Hundred Thirty Million ($430,000,000) Dollars in discretionary assets under management.

18. NEINV advises both individuals and corporate clients, and receives compensation therefor.

19. NEINV is registered with the SEC.

## STATEMENT OF FACTS

20. In his position as a certified financial planner with NEINV, Plaintiff was responsible for assisting the financial planners under whose auspices he worked in preparing financial plans and providing investment advice, and was also responsible for bringing in clients in a quasi-sales capacity.

21. During the course of his employment, as a result of documents provided to him, instructions from his superiors at NEINV, and practices and policies that he witnessed, Plaintiff reasonably believed that NEINV was in violation of the IAA, and was engaging in fraud and/or deceit by virtue of, among other things, circulating and distributing misleading performance reports to clients and prospective clients.

22. As such, Plaintiff compiled documents and created a twenty (20) page report that detailed all of the practices and policies that Plaintiff reasonably believed were fraudulent, misleading, non-compliant, and that jeopardized NEINV's customers and the public.

23. As an investment adviser and investment company registered with the SEC, NEINV is required to adopt and implement written policies and procedures reasonably designed to prevent violation of the federal securities laws.

24. As an investment adviser and investment company registered with the SEC, NEINV is required to designate a chief compliance officer (CCO) to be responsible for

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

4

administering the policies and procedures (under Rule 206(4)-7 of the Investment Advisers Act and Rule 38a-1 under the Investment Company Act, together called the "Compliance Rule").

25. NEINV's compliance/broker dealer was, at all times relevant, CFN.

26. CFN had a position of sufficient authority within NEINV to compel others to adhere to compliance policies and procedures.

27. As such, on or about July 20, 2010, Plaintiff provided his report to CFN for review and investigation. He believed his participation to be secret and protected.

28. Shortly after receiving Plaintiff's report, CFN began an investigation of Defendants compliance issues at the Defendants' offices in North Andover, Massachusetts, on or about July 23, 2010.

29. Shortly after CFN commenced its investigation, Giacoumakis telephoned Plaintiff one evening and accused Plaintiff of being the Whistleblower who prompted the investigation. Plaintiff neither admitted nor denied Giacoumakis' accusations.

30. At that time, Giacoumakis knew or should have known that the discovery of any potential IAA violations that resulted from Plaintiff's disclosures would lead to proceedings by and through the SEC, and NEINV's and Giacoumakis' liability therefor.

31. On the day following his telephone call to Plaintiff, Giacoumakis stormed into Plaintiff's office and demanded Plaintiff's office keys. Plaintiff complied.

32. Despite the fact that Giacoumakis demanded Plaintiff's office keys, he did not terminate Plaintiff that day, and Plaintiff continued to work at NEINV.

33. Thereafter, Plaintiff began to feel very uncomfortable at work, and felt that he was being singled out and treated disparately.

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

34. Plaintiff emailed Giacoumakis with his concerns.

35. As a result of the stress that he was experiencing at work and his treatment by Giacoumakis, Plaintiff sought medical treatment and was prescribed anti-anxiety medication.

36. Shortly thereafter Giacoumakis' confrontation with Plaintiff wherein Giacoumakis accused Plaintiff of being a Whistleblower, CFN's compliance manager, Steven Dean, ("Dean"), advised Plaintiff that Giacoumakis was likely to fire him, (Plaintiff), in the very near future.

37. In anticipation of being fired and therefore having no further access to the documents that Plaintiff reasonably believed evidenced NEINV's violations, Plaintiff emailed additional supporting information to himself, using the CFN confidential email system. Plaintiff believed this to be a protected activity in furtherance of the investigation of NEINV's IAA violations.

38. On August 3, 2010, approximately three days after Giacoumakis accused Plaintiff of being the Whistleblower who was the catalyst for the investigation of NEINV, Giacoumakis fired Plaintiff on the pretext that Plaintiff had violated company policy by emailing confidential information to a personal account.

39. As a direct result of and based upon the Plaintiff's disclosure of Defendants' acts out of compliance, the SEC initiated an investigation of the Defendants which was followed by an administrative proceeding against the Defendants, SEC File No. 3-15137.

40. The SEC sought the continuing assistance of the Plaintiff during the course of its administrative proceeding.

41. During the course of the investigation by the SEC, Plaintiff provided additional

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

6

information to the SEC evidencing that Defendants continued to act out of compliance in certain areas involving fraudulent and misleading practices by NEINV.

42. As a result of the information provided to the SEC by the Plaintiff, on December 18, 2012, the Defendants were found to have willfully violated Sections 206(2) and 206(4) of the IAA, and Rule 206(4-1(a)(5) promulgated thereunder.

43. Section 206(2) prohibits fraud or deceit upon any client or prospective client, and Section 206(4) prohibits fraudulent, deceptive or manipulative business practices. The SEC found that the Defendants were responsible for publishing, circulating, or distributing advertisement that contained untrue statements of a material fact, or that was otherwise false or misleading.

44. As a result of the information provided to the SEC by the Plaintiff, on December 18, 2012, the Defendants were found to have willfully violated Rule 206(4-1(a)(5) promulgated under IAA, which requires that registered advisers adopt and implement written policies and procedures reasonably designed to prevent violations of the IAA and the rules that the SEC have adopted thereunder.

45. Finally, as a result of information provided by the Plaintiff which caused the SEC to initiate the administrative action against the Defendants, on December 18, 2012, Defendants were fined a civil money penalty in the amount of Two Hundred Thousand ($200,000.00) Dollars by the SEC, payable to the SEC.

46. Because the money penalty assessed against the Defendants totaled less than One Million ($1,000,000.00) Dollars, Plaintiff received no portion of the penalty as an award.

### FIRST CAUSE OF ACTION – VIOLATION OF 15 U.S.C. § 78u-6(h)(1)

47. Plaintiff repeats and realleges the allegations contained in paragraphs 1-46 as if fully set

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

7

forth herein.

48. Defendants have violated 15 U.S.C. § 78u-6(h)(1) because their termination of Plaintiff's employment was motivated in whole or in part by the fact that he made disclosures that were required or protected by certain laws, rules or regulations subject to the SEC's jurisdiction.

49. Plaintiff is entitled to the Whistleblower retaliation protection of Dodd-Frank because he is an individual who possessed a reasonable belief that the information that he provided related to possible securities law violations that occurred and continued to occur.

50. Plaintiff engaged in activity protected by Dodd-Frank when he disclosed conduct that he reasonably believed violated SEC rules and Federal laws relating to fraud against clients or prospective clients.

51. Approximately two weeks after Plaintiff made his disclosures, and less than a week after Giacoumakis angrily accused Plaintiff of being a Whistleblower and then taking his office keys, Defendants terminated Plaintiff's employment. In doing so, Defendants violated 15 U.S.C. § 78u-6(h)(1) because Plaintiff's protected activity was a contributing factor in their decision to terminate his employment.

## DEMANDS FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A. Award judgment against each and all Defendants jointly and severally, compensating him for two times his back, raises, bonuses, deferred compensation, benefits, interest, and other orders necessary to make Plaintiff whole;

B. Award punitive damages against each and all Defendants jointly and severally;

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

C. Issue an order expunging Plaintiff's termination and order Defendants to remove any records of termination against Plaintiff;

D. Issue an order prohibiting Defendants from disclosing any disparaging information about Plaintiff to prospective employees, current or prospective clients, or otherwise interfering with any applications Plaintiff might make in the future;

E. Issue an order compensating Plaintiff for his litigation costs, including expert witness fees and reasonable attorney's fees and costs;

F. Issue an order of compensatory monetary damages in an amount determined to be fair and equitable compensation for Plaintiff's emotional distress and loss of reputation;

G. Issue an order awarding pre-judgment interest on all amounts due;

H. Any other such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff herein demands a trial by jury on all counts.

Respectfully submitted,
Richard Ellington

By his Attorneys,

Date:   July 26, 2013

Marsha V. Kazarosian, Esquire
BBO#262670
Janet E. Dutcher, Esquire
BBO #547702
KAZAROSIAN LAW OFFICES
546 Main Street
Haverhill, MA  01830

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299

9

## **VERIFICATION**

*THIS COMPLAINT IS PERSONALLY SIGNED BY THE PLAINTIFF UNDER THE PAINS AND PENALTIES OF PERJURY AND IS TRUE AND ACCURATE TO THE BEST OF HIS KNOWLEDGE, INFORMATION, AND BELIEF.*

_____
Richard Ellington

COMMONWEALTH OF MASSACHUSETTS

Essex, ss:

On this 25 day of July, 2013, before me, the undersigned notary public, personally appeared Richard Ellington, proved to me through satisfactory evidence of identification, which was a driver's license, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he/she signed it voluntarily for its stated purpose.

_____
Notary Public
My commission expires:



MARC A. MOCCIA
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
February 28, 2019

KAZAROSIAN
LAW OFFICES
546 MAIN STREET
HAVERHILL, MA 01830

(978) 372-7758
FAX:
(978) 372-9299