UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11791-RGS

RICHARD M. ELLINGTON

v.

NICHOLAS JOHN GIACOUMAKIS in his
individual capacity and in his
capacity as owner of New England
Investment & Retirement Group, Inc.,
and NEW ENGLAND INVESTMENT &
RETIREMENT GROUP, INC.

MEMORANDUM AND ORDER ON DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS

October 16, 2013

STEARNS, D.J.

Richard Ellington brought this lawsuit against his former employer, defendant New England Investment & Retirement Group, Inc. (NEINV), alleging a termination of his employment in violation of the whistleblower provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank), 15 U.S.C. § 78u-6(h)(1). Ellington claims that he was fired because he complained to NEINV's compliance officer, Commonwealth Financial Network (CFN), about NEINV's violations of the securities laws. These disclosures, Ellington contends, were protected under the whistleblower provisions of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A, which, by extension,

are incorporated in the protections afforded to whistleblowers under Dodd-Frank.[1]  *See* 15 U.S.C. § 78u-6(h)(1)(A)(iii).  Defendants NEINV and its principal and sole shareholder, Nicholas Giacoumakis, move for judgment on the pleadings theorizing that because Ellington complained to the Securities and Exchange Commission (SEC) only after he was fired, he does not meet the statutory definition of a Dodd-Frank whistleblower. Alternatively, defendants

---

[1] Section 806 of Sarbanes-Oxley provides whistleblower protection for employees of publicly traded companies if "any officer, employee, subcontractor, or agent . . . discharge[s], . . . threaten[s], [or] harass[es], . . . an employee in the terms and conditions of employment because of any lawful act done by the employee –

> (1) to provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to or the investigation is conducted by —
>
> (A) a Federal regulatory or law enforcement agency;
>
> (B) any Member of Congress or any committee of Congress; or
>
> (C) a person with supervisory authority over the employee (or such other person working for the employer who has the authority to investigate, discover, or terminate misconduct) . . . .

18 U.S.C. § 1514A.

argue that Dodd-Frank was not in effect at the time Ellington engaged in the allegedly protected conduct, and he cannot claim the protections of the statute. Because the Amended Complaint adequately pleads a retaliation claim under Dodd-Frank, the motion is denied.

## BACKGROUND[2]

NEINV is a registered investment advisor to both individual and corporate clients. Ellington is a certified financial planner who worked for NEINV, primarily at its North Andover, Massachusetts office, from 2005 until August 3, 2010. At NEINV, Ellington managed the retirement plan practice, served individual clients, was a member of the investment committee, and was in charge of the annual reallocation of variable annuity accounts.

Among NEINV financial products distributed to clients are written publications, analyses, and reports evaluating securities traded on the national securities exchanges. As a result, NEINV is governed by the provisions of the Investment Advisors Act of 1940 (IAA), 15 U.S.C. § 80b et seq. The IAA requires registered investment companies to nominate a chief compliance officer responsible for IAA compliance. CFN is NEINV's designated

---

[2] The facts are taken from the well-pleaded allegations contained in Ellington's Amended Verified Complaint (filed on September 25, 2013). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).

compliance officer.

During the course of his employment, Ellington came to believe that NEINV was distributing misleading investment reports to existing and prospective clients. He broached his concerns with Giacoumakis and then compiled a twenty-page report detailing the alleged infractions, supported by demonstrative NEINV documents. On July 20, 2010, Ellington submitted his report to CFN, which began an investigation. On July 31, 2010, Giacoumakis confronted Ellington and accused him "of being the whistleblower who prompted the investigation." Compl. ¶ 32. The following day, Giacoumakis demanded that Ellington surrender his keys to the North Andover office. Steven Dean, the CFN compliance manager, warned Ellington "that Giacoumakis was likely to fire him." *Id.* ¶ 39. In expectation of being terminated, Ellington emailed additional documents from NEINV's files to himself using CFN's confidential email system. On August 3, 2010, Giacoumakis fired Ellington ostensibly for emailing confidential NEINV information to his personal account. Following his termination, Ellington repaired to the SEC and volunteered to assist in an investigation of NEINV. The SEC eventually assessed NEINV some $200,000 in civil penalties for willful violations of securities regulations.

DISCUSSION

Rule 12(c) permits a party to move for judgment on the pleadings at any time "[a]fter the pleadings are closed," as long as the motion does not delay a trial of the case. Fed. R. Civ. P. 12(c). A Rule 12(c) motion differs from a Rule 12(b)(6) motion in that it implicates the pleadings as a whole. "In the archetypical case, the fate of such a motion will depend upon whether the pleadings, taken as a whole, reveal any potential dispute about one or more of the material facts." *Gulf Coast Bank & Trust Co. v. Reder*, 355 F.3d 35, 38 (1st Cir. 2004). "Because [a Rule 12(c)] motion calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom . . . ." *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1 st Cir. 2008), quoting *R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 182 (1st Cir. 2006).

Ellington alleges that NEINV violated the Securities Whistleblower Incentives and Protection provisions of Dodd-Frank , which provide that

> [n]o employer may discharge, demote, suspend, threaten, harass, directly or indirectly, or in any other manner discriminate against, a whistleblower in the terms and conditions of employment because of any lawful act done by the whistleblower—
>
> (i) in providing information to the Commission in accordance with this section;
>
> (ii) in initiating, testifying in, or assisting in any

> investigation or judicial or administrative action of the Commission based upon or related to such information; or
>
> (iii) in making disclosures that are required or protected under the Sarbanes-Oxley Act of 2002 (15 U.S.C. 7201 et seq.), the Securities Exchange Act of 1934 (15 U.S.C. 78a et seq.), including section 10A(m) of such Act (15 U.S.C. 78f(m)), section 1513(e) of Title 18, and any other law, rule, or regulation subject to the jurisdiction of the Commission.

15 U.S.C. § 78u-6(h)(1)(A); *see also* 15 U.S.C. § 78u-6(h)(1)(B)(i) (providing a private right of action for an individual "who alleges discharge or other discrimination in violation of subparagraph (A)"). The Sarbanes-Oxley Act also provides protection to persons who disclose information that they reasonably believe constitutes a violation of SEC rules or regulations, when the information is provided to, among others, "a person with supervisory authority over the employee (or such other person working for the employer who has the authority to investigate, discover, or terminate misconduct)." 18 U.S.C. § 1514A(a)(1)(C).

The gist of the argument made by NEINV and Giacoumakis hinges on § 78u-6(h)(1)(A) of Dodd-Frank, which prohibits an employer from retaliating against a "whistleblower." The Act defines a whistleblower as "any individual who provides . . . information relating to a violation of the securities laws to the Commission, in a manner established, by rule or regulation, by the

Commission." 15 U.S.C. § 78u-6(a)(6). As there is no dispute of fact that Ellington did not provide information to the SEC until after he was terminated, defendants insist that the Amended Complaint is not viable. Defendants point to a Fifth Circuit decision, *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 625-628 (5th Cir. 2013), which holds that the § 78u-6(a)(6) definition of "whistleblower" subsumes each of the specified types of protected activity, thereby limiting the anti-retaliation provisions of the Act to persons who fall within the § 78u-6(a)(6) whistleblower definition.[3]

This court respectfully disagrees and instead adopts the SEC's interpretation of the relevant provisions of Dodd-Frank. *See Chevron U.S.A. Inc. v. Nat'l Res. Def. Council, Inc.*, 467 U.S. 837, 842-843 (1984). As narrated by Judge Furman in the Southern District:

> In its comments to the rule, the SEC explained . . . that "[t]he second prong of the Rule 21F–2(b) (1) standard provides that, for purposes of the anti-retaliation protections, an individual must provide the information in a manner described in Section 21F(h)(1)(A). This change to the rule reflects the fact that the statutory anti-retaliation protections apply to three different categories of whistleblowers, and the third category includes individuals who report to persons or governmental authorities other than the Commission." SEC Securities Whistleblower Incentives and Protections, 76 Fed. Reg. 34300–01, at *34304,

---

[3] The Fifth Circuit acknowledged that its reading is contrary to the SEC's final rule, *see* 17 C.F.R. § 240.21F-2(b)(1), construing the Dodd-Frank whistleblower provisions. *Asadi*, 720 F.3d at 629.

7

>    2011 WL 2293084 (2011) ("Comments to Final Rule") (emphasis added); see also id. (noting that Section 21 F(h)(1)(A)(iii)'s incorporation of Section 806 of the Sarbanes Oxley Act "provides anti-retaliation protections for employees of public companies, . . . when these employees report to (i)[a] Federal regulatory or law enforcement agency, (ii) any member of Congress or committee of Congress, or (iii) a person with supervisory authority over the employee or such other person working for the employer who has authority to investigate, discover, or terminate misconduct").

*Murray v. UBS Secs., LLC*, 2013 WL 2190084 at *3-4 (S.D.N.Y., May 21, 2013).

The SEC's construction is the more persuasive. It is apparent from the wording and positioning of § 78u-6(h)(1)(B)(i) that Congress intended that an employee terminated for reporting Sarbanes-Oxley violations to a supervisor or an outside compliance officer, and ultimately to the SEC, have a private right of action under Dodd-Frank whether or not the employer wins the race to the SEC's door with a termination notice. This court also notes the numerous other district courts that have held that the § 78u-6(a)(6) definition of "whistleblower" does not limit the reach of § 8u-6(h)(1)(A)(iii). That section protects employees from retaliation for "making disclosures that are required or protected under the Sarbanes-Oxley Act . . . *and any other law, rule, or regulation subject to the jurisdiction of the [SEC]*." (emphasis added). See *Genberg v. Porter*, 2013 WL 1222056, at *10 (D. Colo. Mar. 25, 2013); *Kramer v. Trans-lux Corp.*, 2012 WL 4444820, at *3-5 (D. Conn. Sept. 25, 2012); *Nollner v. S. Baptist Convention, Inc.*, 852 F. Supp. 2d 986, 993-995 (M.D.

Tenn. 2012); *Egan v. Tradingscreen, Inc.*, 2011 WL 1672066, at *5 (S.D.N.Y. May 4, 2011). To hold otherwise "'would effectively invalidate § 78u-6(h)(1)(A)(iii)'s protection of whistleblower disclosures that do not require reporting to the SEC.'" *Murray*, 2013 WL 2190084, at *5, quoting *Egan*, 2011 WL 1672066, at *4.

In the alternative, defendants argue that Dodd-Frank does not apply because Ellington's allegedly protected conduct occurred prior to the law's enactment on July 22, 2010. NEINV fired Ellington on August 3, 2010. There is no dispute that after his termination, Ellington provided the SEC with a detailed report of NEINV's alleged violations, assisted the SEC in its investigation of NEINV, and was the instigator of the SEC's assessment of civil penalties against NEINV, all of which occurred after Dodd-Frank took effect.

ORDER

For the foregoing reasons, defendants' motion for judgment on the pleadings is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE